494 P.2d 291

The STATE of Utah, Plaintiff and Respondent,

v.

Richard A. CHRISTENSEN, Defendant and Appellant.

No. 12641.

Supreme Court of Utah.
Feb. 28, 1972.

Margret S. Taylor, Salt Lake Legal Defender Association, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Larry V. Lunt, Asst. Attys. Gen., Salt Lake City for plaintiff-respondent.

TUCKETT, Justice:

Defendant was found guilty of the crime of grand larceny and he was thereafter sentenced to be confined in the Utah State Prison for the term prescribed by law. From the conviction and sentence, the defendant has appealed to this court.

The defendant admits taking the house trailer which he is charged with stealing but it is his contention that the evidence in the court below failed to show that the taking was with a felonious intent. The trial was had to the court without a jury and the facts developed by the evidence showed that on the afternoon of November 4, 1970, a house trailer was taken from the premises of George Crabtree between the hours of 1:45 P.M. and 4:15 P.M. during which time no one was at home. The house trailer was transported by the defendant to the state of Montana.

The defendant testified he had gone to a bar in Salt Lake City for the purpose of attempting to sell a stereo set in order to obtain money to make a delinquent payment on an automobile contract. While at the bar the defendant was approached by two men who became known to him only as Frank and George and who offered to pay the defendant the sum of $100.00 if he would move a trailer from Salt Lake County to Butte, Montana. The younger of the two men went with the defendant to the Crabtree premises where he assisted the defendant in attaching the trailer to a truck that defendant had borrowed from his brother. After the trailer had been removed from the Crabtree premises Frank and George assisted the defendant in connecting the light wires from the truck to the trailer. Frank and George gave the defendant an additional sum of $40.00 to pay for the gas necessary to make the trip. The defendant was not furnished with any title or ownership papers but he testified that he believed the trailer belonged to Frank. The defendant picked up a woman companion and proceeded to his destination which was a road junction outside of Butte, Montana. After waiting a short time at the road junction a man appeared on the scene who asked the defendant his name and informed the defendant that he was there to take charge of the trailer. The defendant assisted the man in disconnecting the trailer and hooking it up to the other vehicle. The defendant did not learn the man's name nor was he able later to furnish a reasonably adequate description of that person.

Upon the defendant's return home he was informed that a deputy of the Salt Lake County Sheriff was looking for him. Upon learning that he was under investigation the defendant left the area for a few days and then returned.

In the case at bar, the circumstances shown in evidence such as the defendant being employed by strangers to move the trailer in question to the state of Montana and at a designated place in that state to turn the trailer over to a third person who was also unknown to the defendant and the further fact that the defendant was not shown any documents of title or ownership by the man who employed him nor did he make any inquiries as to the ownership of the trailer are sufficient to justify the trial judge in finding a felonious intent.[1]

The decision of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. State v. Dubois, 64 Utah 433, 231 P. 625.